

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Wm. P. Davis
County Auditor
Ellis County
Waxahachie, Texas

Dear Mr. Davis:  Opinion No. 0-7179

Re:  Construction S. B. No. 5, 44th
Leg., Second Called Session --
Payment of Constable's fees for
executing process for witnesses
in felony case in another county.

Your request for an opinion upon the above subject matter is as follows:

"I would appreciate very much an opinion as to which county, if either, is responsible for payment of fees to a constable in the case outlined below:

"An Ellis County constable served 55 witnesses on residents of Ellis County, summoning them to appear in District Court in Dallas as defense witnesses in a murder case.

"The enclosed letter, brought to me by the constable, probably will give you a clear picture of the matter.

"If, in your opinion on the matter, neither county is liable for payment of costs for service and mileage, could the constable refuse to perform the services in similar cases which may come up?"

On several occasions this Department has construed subdivision (b) of Section 17 of Senate Bill 5 of the 44th Legislature, Second Called Session, which subdivision, insofar as pertinent, is as follows:

"In counties wherein the county officers named in this Act are compensated on the basis of an an-

Honorable Wm. P. Davis - page 2

anual salary, the State of Texas shall not be
charged with and shall not pay any fee or com-
mission to any precinct officer for any ser-
vices by him performed, but said officer shall
be paid by the County out of the Officers' Sal-
ary Fund such fees and commissions as would
otherwise be paid him by the State for such
services."

It is clear from this statute that the State of Texas
is not liable for the fees claimed by the Constable of Ellis
County -- that county being on a salary basis for its officers,
but that Ellis County is liable to him for such payment out of
the Officers' Salary Fund, the precinct officers being on a fee
basis, as appears from reports in the State Auditor's office.
This Department has consistently adhered to that construction
of the statute. (See Opinions Nos. O-128, O-155, O-512 and
O-850, copies of which are attached hereto)

From what we have said, it follows it is not neces-
sary to answer your second question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED JUL 2, 1945

ASSISTANT
ATTORNEY GENERAL

OS-MR

Enclosures

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN